IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEVIN RAYE MUSTACHE,

                                                OPINION AND ORDER

        Plaintiff,

                                                20-cv-403-bbc

    v.

ALLIE, HAILEY, KELLY DEVINE and AMY,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Devin Raye Mustache, who is incarcerated at the Dodge Correctional Institution, has filed a proposed civil action under 42 U.S.C. § 1983, alleging that while he was incarcerated at the Barron County jail, correctional and medical staff failed to insure that he received timely and adequate medical care for burning, pain and swelling in his face. Because plaintiff is incarcerated, his complaint must be screened under 28 U.S.C. § 1915A. For the reasons below, I conclude that plaintiff has failed to state a federal claim upon which relief may be granted against any of the defendants. Therefore, I am dismissing the complaint and directing the clerk of court to record a strike in accordance with 28 U.S.C. § 1915(g).

Plaintiff alleges the following facts in his complaint.


ALLEGED FACTS

Plaintiff Devin Raye Mustache is currently incarcerated at the Dodge Correctional Institution. Plaintiff was incarcerated previously at the Barron County jail, where defendant Allie is a nurse, defendants Hailey and Amy are deputies and defendant Kelly Divine is a

1

sergeant. (Plaintiff does not say when he was incarcerated at the jail or when the events at issue in his complaint took place.)

Plaintiff saw defendant Allie, a nurse, for a toothache and an earache. Allie examined plaintiff's ear and noted that it was raw. She gave him aspirin for his toothache and bacitracin for his ear. Plaintiff used the ointment in his ear.

The next day, plaintiff broke out in hives, was in constant pain and felt sick and exhausted. After another day, plaintiff's face started to swell and he was unable to sleep because of pain and a burning sensation he was experiencing. He spoke with defendant Hailey, who "attempted to blow him off" by stating that she had to finish her rounds. However, Hailey brought him to the booking area where he spoke with defendant Divine. Plaintiff was placed in a "flex cell" so that he could be observed. Because plaintiff's burning pain became worse, he was brought to the hospital and given a shot for an allergic reaction.

Plaintiff returned to the jail, but that night and all the next day, he had constant burning pain, increased swelling in his face and oozing sores. He complained and was brought to the booking area. Defendant Hailey told him that she had spoken with the Barron County Hospital and was told that the emergency physicians could not help him and that whatever he was allergic to would have to work its way through his system. After a few more hours, plaintiff's symptoms got even worse and he was again brought to the booking area. Defendant Divine agreed that something was seriously wrong and called an ambulance. Later, shingles was diagnosed and plaintiff received treatment, but he sustained scarring and nerve damage. Plaintiff also learned that bacitracin is meant for external and not internal

use.

OPINION

Plaintiff contends that jail staff violated his constitutional rights by failing to provide him adequate medical treatment.  Because he does not specify why he was being detained at the Barron County jail at the time of the incident, it is not clear what standard governs plaintiff's claims.

If plaintiff was serving a sentence as a convicted prisoner at the time of the incident, his claim is governed by the Eighth Amendment.  A prison official may violate the Eighth Amendment if the official is "deliberately indifferent" to a "serious medical need." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a layperson. Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006). The condition does not have to be life threatening.  Id.  A medical need may be serious if it "significantly affects an individual's daily activities," Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997), if it causes significant pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir. 1996), or if it otherwise subjects the prisoner to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825 (1994).  "Deliberate indifference" means that the officials are aware that the prisoner needs medical treatment, but disregard this need by consciously failing to take reasonable measures.  Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).

The due process clause of the Fourteenth Amendment applies to claims brought by

3

pretrial detainees who are not convicted prisoners. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015); Miranda v. County of Lake, 900 F.3d 335, 353 (7th Cir. 2018). Under this standard, a detainee plaintiff has to show more than negligence but need not prove the defendant's subjective state of mind; he need show only that the defendant's actions were "objectively unreasonable." McCann v. Ogle County, 909 F.3d 881, 886 (7th Cir. 2018); Miranda, 900 F.3d at 353. This means that jail officials must respond reasonably to the needs of prisoners. However, the Court of Appeals for the Seventh Circuit has held that "there is little practical difference, if any, between the standards applicable to pretrial detainees and convicted inmates when it comes to conditions of confinement claims, and that such claims brought under the Fourteenth Amendment are appropriately analyzed under the Eighth Amendment test" at the screening stage. Smith v. Dart, 803 F.3d 304, 310 (7th Cir. 2015).

Plaintiff's allegations are not sufficient to state a claim against defendants under either the Eighth Amendment or the due process clause of the Fourteenth Amendment. As an initial matter, his complaint does not include any allegations about defendant Amy that suggest that she was involved in or responsible for a violation of plaintiff's rights. Plaintiff's allegations that defendant Allie examined him and provided him aspirin and bacitracin do not suggest that she acted unreasonably in responding to his complaints of a toothache and earache. Although plaintiff seems to believe that he was not supposed to use bacitracin in his ear, his allegations do not suggest that Allie knew or should have known that it would harm him in any way. Moreover, plaintiff does not allege that the bacitracin caused him any

serious harm. Rather, his allegations suggest that the later symptoms he developed were due to shingles and not the use of bacitracin.

Plaintiff alleges that defendant Hailey initially did not take his symptoms seriously, but he also alleges that Hailey took him to the booking area where Divine spoke with him and placed him in an observation cell to monitor his health. On the same day, jail staff took him to the local hospital for treatment. These allegations are not sufficient to suggest that either Hailey or Divine acted unreasonably in response to plaintiff's medical needs.

Although plaintiff alleges that he continued to have pain and developed swelling in his face and oozing sores in the days after he returned from the hospital, he alleges that he was brought to the booking area after he complained and that defendant Hailey spoke with the Barron County Hospital staff who told her that they could not help him because whatever he was allergic to would have to work its way through his system. Even though it appears that hospital staff incorrectly diagnosed plaintiff's condition, plaintiff's allegations do not suggest that Hailey knew that or that her reliance on their medical judgment was unreasonable. In fact, when plaintiff took another turn for the worse a few hours later, defendant Divine called an ambulance. Accordingly, I conclude that plaintiff may not proceed with either an Eighth Amendment or Fourteenth Amendment due process claim against any of the defendants.

ORDER

IT IS ORDERED that this case is DISMISSED for plaintiff Devin Raye Mustache's

failure to state a claim upon which relief may be granted.  A strike shall be recorded in accordance with 28 U.S.C. § 1915(g).  The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 4th day of June, 2020.

>BY THE COURT:
>
>/s/
>
>_____
>BARBARA B. CRABB
>District Judge